

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:05cr302

LORENZA S. HILL

### MEMORANDUM OPINION

Lorenza Hill, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 45.) The Government has responded, asserting, inter alia, that Hill's § 2255 Motion is barred by the statute of limitations. (ECF No. 47.) For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

### I. PROCEDURAL HISTORY

Hill pled guilty to possession with intent to distribute cocaine base. (Plea Agreement ¶ 1, ECF No. 17.) On February 1, 2006, the Court entered judgment against Hill and sentenced him to 188 months of imprisonment. (J. 2, ECF No. 26.)

On October 4, 2013, Hill placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 13.) The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Hill asserts that counsel rendered ineffective

assistance that resulted in Hill being incorrectly classified as a career offender. (§ 2255 Mot. 5.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Hill did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Wednesday, February 15, 2006, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten (10) days of the entry of judgment). Hence, Hill had until Thursday, February 15, 2007 to file any motion under 28 U.S.C. § 2255. Because Hill did not file his § 2255 Motion until October 2013, the statute of limitations bars the § 2255 Motion.[1]

Hill contends that he is "'[a]ctually [i]nnocent' of [his] career offender status." (ECF No. 45-1, at 1.) The Supreme Court has recognized that a convincing claim of actual innocence of the crime of one's conviction may allow a court to consider an otherwise time-barred claim. McQuiggin v. Perkins, 133 S. Ct. 1924, 1933-34 (2013) (explaining that actual innocence provides an exception to the statute of limitations). The Fourth Circuit, however, has concluded that "McQuiggin does not apply to habeas claims based on actual innocence of a sentence."

---

[1] Neither Hill nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)-(4), or for equitable tolling.

United States v. Jones, 758 F.3d 579, 587 (4th Cir. 2014), cert. denied, 135 S. Ct. 1467 (2015). Thus, Hill has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.

### III. CONCLUSION

For the foregoing reasons, Hill's § 2255 Motion (ECF No. 45) will be denied. The action will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Hill and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: August 10, 2015
Richmond, Virginia